Index No: 20 -cv- 2463      (       )(        )

# United States District Court

## EASTERN DISTRICT OF NEW YORK

JAIME L. BUNTING,

*Plaintiffs*

–v–

CANZ BAR AND GRILL, JAMES PASTIER, STEER
VEND INC. JOHN AND JANE DOES #1-10;

*Defendants,*

# VERIFIED COMPLAINT

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for Jaime L. Bunting*
Office & P.O. Address
135 Pinelawn Road, Suite 250s
Melville NY 11747
Phone: (631) 450–2515
FAX:   (631) 223–7377
Email: Cory.H.Morris@protonmail.com

## COMPLAINT

Plaintiff, JAIME L. BUNTING (hereinafter, "Plaintiff"), as and for her Complaint against Defendants, CANZ BAR AND GRILL, JAMES PASTIER, STEER VEND INC. and John and Jane Does 1-10 (hereinafter collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, unpaid minimum wages, unpaid spread of hours, and for other relief.

2.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

5.      Plaintiff was hired and trained by Defendants on January 29, 2018.

2

## PARTIES

6.    Plaintiff is a resident of Nassau County, New York.

7.    Defendants are in the restaurant and bar business.

8.    According to the New York State Department of State, Division of Corporations, Defendant STEER VEND INC. ("Steer Vend") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Defendant Steer Vend designated Defendant JAMES PASTIER ("Pastier") as its selected entity for DOS Process.

10.    Upon information and belief, Defendants CANZ BAR AND GRILL ("Canz"), together with Defendants, maintains a corporate office located at 1610 Old Country Rd, Westbury, NY 11590.

11.    At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

12.    Upon information and belief, Defendant Pastier and STEER VEND INC. Steer Vend maintain an office located at 8 Surrey Lane, Massapequa Park, NY 11762.

13.    At all relevant times, Defendant PASTIER maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

14.    At all relevant times, Defendant Steer Vend maintained control,

3

oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

15.     Upon information and belief, Defendants CANZ and STEER VEND (hereinafter collectively, the "Corporate Defendants") were and are owned, operated, and controlled by Defendant JAMES PASTIER.

16.     Upon information and belief, the Corporate Defendants were and are part of a single integrated enterprise that jointly employed Plaintiff.

17.     Upon information and belief, the Corporate Defendants' operations were and are interrelated and unified.

18.     Upon information and belief, at all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the Individual Defendant.

19.     Upon information and belief, at all relevant times, the Corporate Defendants shared employees, equipment, and supplies.

20.     Upon information and belief, Defendant Pastier is a resident of the State of New York.

21.     Upon information and belief, at all relevant times, Defendant Pastier was an owner, corporate officer, director, member, and/or managing agent of each Corporate Defendant.

22.     Upon information and belief, at all relevant times, Defendant Pastier exercised operational control over each Corporate Defendant, controlled significant business functions of each Corporate Defendant, determined employee

4

salaries, made hiring decisions, and acted on behalf of and in the interest of each Corporate Defendant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

23.    At all relevant times, Defendant Pastier participated in running the daily operations of each Corporate Defendant and their restaurant business.

24.    At all relevant times, Defendant Pastier participated in the management and supervision of Plaintiff and her work for Defendants.

25.    At all relevant times, Defendant Pastier maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

26.    Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a front of the house employee, a waitress/server/bartender.

27.    Each Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

28.    Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

29.    Plaintiff was employed by Defendants from January 29, 2018 to December 16, 2019.

5

30.    At all times relevant to this action, Plaintiff was employed as a front of the house employee for the benefit of and at the direction of Defendants at their bar/restaurant business.

31.    At all times relevant to this action, Plaintiff's primary duties included delivery of food and drinks, taking orders, running food, bussing of tables, and customer relations.

32.    Plaintiff's position was terminated by Defendants on or about December 16, 2019.

33.    When Plaintiff worked day shifts for Defendants she would arrive at work at 1045 hours and would work until approximately 1830 hours.

34.    Albeit Plaintiff would work approximately seven (7) to eight (8) hours for a single day shift, she was not paid all of her time for those work hours.

35.    When Plaintiff worked night shifts for Defendants she would typically arrive at work at 1700 hours until closing time which would differ from shift to shift but would sometimes work until 0300 or 0400 hours the next day.

36.    Plaintiff was instructed by Defendants, individually and collectively, to arrive at work at 1700 hours night shifts and would have to help clean up and stock the premises and sometimes not leave until 0500 hours the next day, working a full twelve (12) hours albeit not being properly compensated as further discussed below.

37.    Plaintiff worked double shifts ("doubles") at times when other employees either did not show up for work or were unable to work the night shift

6

without break, overtime pay or spread of hours.

38.     Plaintiff would work over ten (10) hours at Defendants restaurant without a break and without appropriate compensation.

39.     Plaintiff would, at times, work over forty (40) hours a week at Defendants' restaurant without being paid appropriately for, among other things, overtime work.

40.     Plaintiff was not properly compensated according to New York State and Federal Law for her Doubles.

41.     Plaintiff was required to punch in using a pin number, 8523.

42.     Defendants used Micros.

43.     Micros also functioned as POS for servers to enter food and drink orders.

44.     Defendants were served a litigation hold notice to preserve all such data.

45.     Upon information and belief, Defendants manipulated the data that Plaintiff entered into Micros.

46.     Plaintiff did comply in signing in and signing out of work using Micros at the direction of Defendants.

47.     Although Plaintiff punched in and punched out, her actual hours were not reflected on her paycheck.

48.     Upon information and belief, Defendants altered Plaintiff's actual hours worked.

7

49.     Defendants stole wages from Plaintiff.

50.     At times, Plaintiff only received twenty-five ($25) shift pay.

51.     At times, Defendant Paul Pastier took away pay for Plaintiff's actual or perceived wrongs.

52.     In this matter, Defendant Paul Pastier stole Plaintiff's wages.

53.     At all relevant times, Defendant Pastier participated in the management and supervision of Plaintiff and her work for Defendants.

54.     Upon information and belief, Defendants failed to keep and maintain time accurate records for the time that Plaintiff worked each day and week.

55.     Further, upon information and belief, Defendants maintained a separate set of records designed for the purpose of evading employee benefits and paying various taxes.

56.     Throughout her employment, Plaintiff generally worked multiple days per week.

57.     Throughout her employment, however, upon information and belief, Defendants represented that Plaintiff only worked one shift as further discussed below.

58.     Throughout her employment, Plaintiff typically worked in excess of 25 hours a week.

59.     Throughout her employment, Defendants paid Plaintiff her wages for one (scheduled hours) shift, regardless of the number of hours Plaintiff worked each day or each week.

8

60.    Upon information and belief, Defendants failed to provide Plaintiff with a notice and acknowledgement of pay rate and payday, or any other form of wage notice, at the time of his hiring, or at any other time thereafter, as required by NYLL § 195(1).

61.    Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

62.    During Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) each week.

63.    During Plaintiff's employment, Defendants did not pay Plaintiff at least one and one-half times her regular rate of pay for all hours worked in excess of forty (40) per week.

64.    During Plaintiff's employment, Defendants failed to pay Plaintiff the statutory minimum wage rate for all hours worked.

65.    During Plaintiff's employment, Plaintiff regularly worked in excess of ten (10) hours per day during weeks that she was paid at or below the statutory minimum wage rate.

66.    Despite regularly working in excess of ten (10) hours per day during weeks that she was paid at or below the statutory minimum wage rate, Defendants failed to pay Plaintiff spread of hours compensation at a rate of one

9

(1) extra hour of pay at the statutory minimum wage rate for each day that Plaintiff worked in excess of ten (10) hours.

67. Defendant Pastier participated in the decision to hire Plaintiff.

68. Defendant Pastier participated in the decision to fire Plaintiff.

69. Defendant Pastier participated in the supervision of Plaintiff's duties each day.

70. Defendant Pastier participated in deciding the job duties that Plaintiff performed each day.

71. Defendant Pastier participated in setting Plaintiff's work schedule each week.

72. Defendant Pastier participated in deciding the hours that Plaintiff worked each day and week.

73. Defendant Pastier participated in deciding the manner in which Plaintiff was paid each week.

74. Defendant Pastier ran the day-to-day operations of each Corporate Defendant during Plaintiff's employment.

75. Defendant Steer Vend participated in the decision to hire Plaintiff.

76. Defendant Steer Vend participated in the decision to fire Plaintiff.

77. Defendant Steer Vend participated in the supervision of Plaintiff's duties each day.

78. Defendant Steer Vend participated in deciding the job duties that Plaintiff performed each day.

79. Defendant Steer Vend participated in setting Plaintiff's work schedule each week.

80.     Defendant Steer Vend participated in deciding the hours that Plaintiff worked each day and week.

81.     Defendant Steer Vend participated in deciding the manner in which Plaintiff was paid each week.

82.     Defendant Steer Vend ran the day-to-day operations of each Corporate Defendant during Plaintiff's employment.

83.     Defendants managed Plaintiff's employment, including the amount of overtime worked.

84.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

85.     Defendants were aware of Plaintiff's work hours but failed to pay her the full amount of overtime compensation to which she was entitled under the law.

86.     Defendants were aware of Plaintiff's regular rate of pay but failed to pay her the statutory minimum wage rate to which he was entitled under the law.

87.     Defendants were aware that Plaintiff worked in excess of ten hours on certain days and that her regular rate of pay was below the statutory minimum wage rate, yet failed to pay her the spread of hours compensation to which she was entitled under the law.

88.     Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights

and Plaintiff has been damaged by such failures.

89. Upon information and belief, Defendants actions are uniform as to other waitresses/bartenders for whom the Defendants flaunt as an attraction to their bar and restaurant but for whom the restaurant does not pay their full wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR
## STANDARDS ACT 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

90. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

92. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are enterprises engaged in commerce or in the production of goods for commerce.

93. At all times relevant to this Complaint, each Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who has handled restaurant materials, liquors, beers, food, supplies, and equipment that originated outside of the State of New York.

12

94.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2017 was not less than $500,000.00.

95.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2018 was not less than $500,000.00.

96.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2019 was not less than $500,000.00.

97.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

98.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

99.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

100.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

101.    However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

13

102.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

103.     Defendants did not act in good faith with respect to the conduct alleged herein.

104.     Defendants made representations to the Department of Labor that Jaime L. Bunting worked less than she actually did.

105.     Defendants knew and had reason to know that its actions, not paying Plaintiff for all days she worked, were in violation of New York State and Federal Law.

106.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

107.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

108.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

109.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked

14

in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

110. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

111. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

112. Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

113. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

114. Defendants did not act in good faith with respect to the conduct alleged herein.

115. Upon information and belief, Defendants altered Plaintiff's hours entered in the Micros system from what she was actually paid.

116. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK
## LABOR LAW ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

117.   Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

118.   At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

119.   Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

120.   As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

121.   As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK
## LABOR LAW ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS
## COMPENSATION

122.   Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

123.   In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of

hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours during a work week in which he was not paid above the statutory minimum wage rate.

124.    Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

125.    Defendants did make representations to the Department of Labor that contradict schedules and records Defendants produced in the regular course of business.

126.    Defendants took active efforts to conceal the true amount of hours that Plaintiff and others similarly situated worked at CANZ.

127.    As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

### COUNT V
### VIOLATION OF THE NEW YORK
### LABOR LAW NYLL SECTION 195(1)
### FAILURE TO PROVIDE WAGE
### NOTICES

128.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

129.    Upon information and belief, Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified

by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

130. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

131. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## VIOLATION OF THE NEW YORK
## LABOR LAW NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE
## STATEMENTS

132. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

133. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by

NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

134.     Defendants did manipulate and misrepresent the hours that Plaintiff, and others similarly situated, actually worked from their reported time in and reported time out using the Micros system.

135.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

136.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Cory H. Morris, P.C., (The Law Offices of Cory H. Morris) demand judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

     A.     Declare and find that Defendants committed one or more of

the following acts:

1.    Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2.    Willfully violated the provisions of the FLSA;

3.    Violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation to Plaintiff;

4.    Willfully violated the applicable provisions of the NYLL;

5.    Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

6.    Violated provisions of the FLSA by failing to pay overtime compensation to others similarly situated to Plaintiffs; and

7.    Made misrepresentations to, among others, the Department of Labor (Unemployment) as to Plaintiff's true hours worked.

B.    Award compensatory damages, including all overtime compensation, minimum wages, and spread of hours compensation owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime compensation, minimum wages, and spread of hours compensation due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

20

DATED AT    Melville, New York
              June 3, 2020

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiff*
Office & P.O. Address
135 Pinelawn Road, Suite 250s
Melville, New York 11747
Phone: (631) 450–2515
FAX: (631) 223–7377
email Cory.H.Morris@protonmail.com

21

## FAIR LABOR STANDARDS ACT – CONSENT FORM

1.      I, consent to be a party plaintiff in a lawsuit against **CANZ BAR AND GRILL, JAMES PASTIER, STEER VEND INC. and John and Jane Does 1-10** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      This verification is made on behalf of Plaintiff after reviewing the above verified complaint.

3.      I have read the foregoing and know the contents thereof, and the same are true to my knowledge, information, and belief.

4.      I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct except to matters stated to be known upon information and belief.

5.      I hereby designate Cory H. Morris, P.C. to represent me in such a lawsuit.

Dated:   June    , 2020

Name:   _____
                  Jaime L. Bunting