

LEX SCRIPTA

LEX TRADITA

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

# *Via Electronic Case Filing Only*

April 15, 2021

Magistrate Judge Anne Y. Shields
100 Federal Plaza
P.O. Box 830 | Courtroom 830
Central Islip, New York 11722

**Re:** **Joint-Submission – Settlement Letter and Stipulation of Discontinuance**
*Bunting v. Canz Bar and Grill et. al*, **20-cv-02463-JS-AYS;**

Dear Hon. Judge Shields:

I write on behalf of both parties to submit the enclosed stipulation of settlement as per the Settlement Conference held before Your Honor.

## PROCEDURAL HISTORY

Plaintiff alleges wage theft of Plaintiff vis-à-vis the failure to pay, among other things, minimum wage and any wage which did not comport with the hours actually worked by Plaintiff, a front-of-house employee. Defendants submitted an answer and both parties exchanged disclosure prior to a settlement conference. After settlement conference before Your Honor, both parties agreed to settle the matter for $30,000.00 USD, inclusive of attorney's fees. Both parties consent to the jurisdiction of United States Magistrate Judge for approval of this settlement.

## THE AGREED UPON SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement).

**Please send all mail to:**   135 Pinelawn Road, Suite 250s, Melville NY 11747

TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301   *By appointment only*

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiff's counsel is seeking $10,000.00 USD (one-third) in reasonable attorney's fees and $540.00[1] in costs incurred during the litigation. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."), see also *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit").

For the purposes of this settlement only, Defendants take no position with respect to Plaintiff's application for attorney's fees and costs. It is respectfully submitted that the attorney's fees and costs as set forth in the Settlement Agreement are fair and reasonable.

## CONCLUSION

Both parties worked towards an early settlement for which the settlement enclosed hereto is submitted for Your Honor's review. Your Honor is familiar with the facts and circumstances of this matter having presided over a settlement conference between both parties. Accordingly, both parties seek resolution of this matter upon the terms agreed upon before Your Honor pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

We thank the Court for its kind consideration.

Respectfully Submitted,

William P. Nolan, Esq.
*Attorney for the Defendants*

Cory H. Morris, Esq.
*Attorney for Plaintiff*

---

[1] Plaintiff's counsel seeks costs limited to the filing of the Complaint ($400) and service of process ($140) in the total amount of $540.00.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAIME L. BUNTING,

                                                  Civil Action No.:
                                                  2:20-cv-02463 (JS)(AYS)

              V.

CANZ BAR AND GRILL, JAMES PASTIER, STEER
VEND INC. JOHN AND JANE DOES 1-10.
-------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

      WHEREAS, Defendants Canz Bar and Grill, James Pastier, Steer Vend Inc. (hereinafter "Defendants") and Plaintiff Jamie L. Bunting and her heirs, executors, administrators, successors and assigns (hereinafter "Plaintiff") (all together, the "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve Plaintiff Fair Labor Standards Act ("FLSA"), New York Wage and Hour Law ("NYWHL"), New York Labor Law (NYLL) and any other claims against Defendants in the above-captioned action ("Action"), whether based in state or local-wage hour laws or otherwise;

      NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:

    1.   **Consideration**. In consideration for Plaintiff signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiff the total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) ("Settlement Sum"). The Settlement Sum shall be paid in one (1) installment of Thirty Thousand Dollars and Zero Cents ($30,000.00), less deductions as applicable, via checks delivered to Corey H. Morris 135 Pinelawn Road, Suite 250s, Melville, New York 11747, apportioned as follows:

      a. One check made payable to "Jaime L. Bunting" in the amount of Ten Thousand Dollars ($ 10,000.00), less lawful deductions, for alleged wages owed. An IRS Form W-2 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which it is paid;

      b. One check made payable to "Jamie L. Bunting" in the amount of Nine Thousand Four Hundred and Sixty Dollars ($ 9,460.00), for alleged liquidated damages. An IRS Forms 1099 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which it is paid;

      c. One check made payable to "Corey Morris, ESQ." in the amount of Ten Thousand Five Hundred and Forty Dollars ($ 10,540.00), for attorneys' fees and expenses related to representation of Plaintiff for her claims settled herein. An IRS Forms 1099

1099 will be issued to Plaintiff and Cory Morris, ESQ. with respect to this amount after the end of the calendar year(s) in which such check is paid.

Plaintiff shall provide Defendants, though, counsel, with one copy of this Agreement executed by her along with a properly completed IRS Form W-4 for Plaintiff, a properly completed IRS Form W-9 for Plaintiff and counsel. The payment of the Settlement Sum shall be paid within thirty (30) days after the Court approves this Agreement and So Orders a fully executed Stipulation and Order of Dismissal with Prejudice ("Stipulation"), which is appended hereto as Exhibit "A."

Plaintiff agrees and acknowledge that Defendants and Defendants' counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs.

2. **No Consideration Absent Plaintiff 's Material Representations and Promises.** Plaintiff understands and agrees that they would not receive the monies specified in paragraph "1" above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims.** Plaintiff, her heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, any business owned or operated by Defendants in whole or part, as well as Defendants' executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, directors and officers, both individually and in their official capacities (collectively "Releasees"), of and from all FLSA, NYLL, NYWHL, as well as any other similar state or local wage-hour claims that were asserted or could have been asserted by Plaintiff, as well as any other similar state or local wage-hour claims for regular and overtime wages, wage notice requirements, all related derivative benefit claims (both ERISA and non-ERISA benefits), as well as any retaliation claims in any way related to the foregoing claims liquidated damages interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by all Parties.

Both parties, their heirs, executors, administrators, successors and assigns further voluntarily release and forever discharge Releasees, of and from all claims, known and unknown, asserted or unasserted, which they have or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA"); The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Age Discrimination in Employment Act of 1967 ("ADEA"); The Worker Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; New York Laws; The New York Executive Law (including its Human Rights Law); The New York State Labor Law (including its whistleblower provisions), and other Laws, Regulations and Administrative Codes of the State of New York and the City of New York (including the City of New York's Human Rights Law); any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any

basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Defendants, in consideration of Plaintiff's released claims set forth above and or for other promises and covenants contained in this Agreement, release and forever discharge them from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, asserted or unasserted, in law or equity, statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of their purported employment and/or employment with Defendants, any agreement concerning such employment, or the cessation of such employment, through the date this Agreement is executed by all Parties.

The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff and Opt-In agree that if such an administrative wage and hour claim is made, they shall not be entitled to recover any individual monetary relief or other individual remedies.

4. **Procedure.** After this Agreement and the Stipulation are executed by the Parties they will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

5. **Acknowledgments and Affirmations**. Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim against Defendants other than this action. Plaintiff also affirms that, upon receipt of the Settlement Sum, as provided for in Paragraph 1(a) through (c) above, they have been paid and/or have received all compensation, wages, and/or benefits which are due and payable by Defendants under the FLSA, NYHL, NYLL, as well as any other similar state or local wage-hour law as of the date they sign this Agreement.

6. **Mutual Non-Disparagement**. Both parties agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage, demean or in any way criticize the personal or business reputation of either party. Both parties acknowledge that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, social media, the news media, employees of Defendants (past, present, or future), vendors, customers, future employers, or prospective future employers. Both parties agree that they shall not make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage, demean or in any way criticize one another.

Nothing contained in this paragraph shall in any way restrict Plaintiff from truthfully discussing their experience litigating their wage-hour claims in this Action.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may

3

institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

8. **Non admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement.

11. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

**PLAINTIFF IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH HER ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

**PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED IN WRITING TO DEFENDANT AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO WILLIAM P. NOLAN, ESQ., OR MAILED TO WILLIAM P. NOLAN, ESQ. 1103 STEWART AVENUE, SUITE 200 GARDEN CITY NEW YORK 11530 AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT, RESPECTIVELY.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**PLAINTIF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, INCLUDING CONSULTING WITH HER ATTORNEY, CORY H. MORRIS, LLP, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST**

**RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Jaime
~~JAMIE~~ L. BUNTING

*/s/ Jaime Bunting*

Date: April 2, 2021


JAMES PASTIER Individually and on behalf of.
Steer Vend Inc. d/b/a Canz Bar and Grill

*/s/ James Pastier*

Date: April 9 2021

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAIME L. BUNTING,

                                                              Civil Action No.:
                                                              2:20-cv-02463 (JS)(AYS)
                    V.

CANZ BAR AND GRILL, JAMES PASTIER, STEER
VEND INC. JOHN AND JANE DOES 1-10.
-----------------------------------------------------------------X

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS,** the Parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations, and have entered into a Negotiated Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA and/or time worked;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. No attorneys' fees or costs will be awarded to any party by the Court, except as provided in the Parties' Agreement. The terms of the Agreement have been presented for review and approval by the Court and the Agreement is hereby approved by the Court.

Respectfully submitted,

1

CORY MORRIS, ESQ.

By: _____
 Cory Morris, Esq.
ATTORNEYS FOR PLAINTIFF
Jamie L. Bunting
135 Pinelawn Road, Suite 250s
Melville, New York 11747
(631) 450-2515

Dated: April 2, 2021

WILLIAM P. NOLAN, ESQ.

By: _____
William P. Nolan
ATTORNEYS FOR DEFENDANTS
Canz Bar and Grill, James Patier
Steer Vend Inc.
1103 Stewart Avenue, Suite 200
Garden City, New York 11530
(516) 633-0854

Dated: 4/9/21


SO ORDERED on this _____ day of _____, 2021.

_____